**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ROBERTO PARRILLA, Defendant**

Crim. No. 21/1977

Territorial Court of the Virgin Islands

Div. of St. Croix

May 5, 1977

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, *for defendant*

MARK McLAURIN, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, *for plaintiff*

SILVERLIGHT, *Judge*

### MEMORANDUM OPINION AND ORDER

This is a criminal action charging that defendant, Roberto Parrilla, ". . . on the 22nd day of March, 1976 . . . did . . . wilfully and with intent to conceal and misrepresent the identity of the engine, remove the identification number AH 277295 of [sic] the engine, to wit: ground off the stamped serial number AH277295 from the engine of a Volkswagon reported stolen by the Virgin Islands Department of Health," in violation of 14 V.I.C. § 1386(b).

This violation is designated a felony and the statute providing no specific penalty therefore, must be read in conjunction with 14 V.I.C. § 3, the general penalty provision of the Code. The appropriate portion of this statute (14 V.I.C. § 3), provides as follows:

(a) Except in cases where a different punishment is prescribed by law—

(1) Every crime or offense declared to be a felony is punishable by imprisonment not exceeding 5 years; . . .

The lack of jurisdiction on these grounds pursuant to 4 V.I.C. § 76(b), as amended, was not, however, raised by the defendant. Since jurisdiction cannot be waived by a defendant, this mere fact would ordinarily dispose of the matter. For the reasons hereinafter set forth, and this Court's order that a juvenile complaint be filed, it is this Court's opinion that it is appropriate to address itself to the question of the jurisdiction of the Juvenile Court in the cases such as the case at bar.

The criminal complaint was signed and sworn to on January 18, 1977, and filed in this Court on January 19, 1977.

After the commencement of trial, and upon defendant taking the stand on his own behalf, it was, for the first time, learned that defendant was born on May 19, 1958, and he was, therefore, on March 22, 1976, 17 years, ten months and two days of age. No hearing or other action contemplated by the provisions of 4 V.I.C. § 176 for the transfer of the cause to the District Court was held or initiated at any time.

At the conclusion of the case (which was also the conclusion of defendant's testimony), the Court took the matter under advisement for the purpose of setting forth in a written memorandum the lack of jurisdiction resulting from the felony status of the charge, and to determine the Court's right to hear similar matters as criminal rather

than juvenile cases, assuming the charges to be misdemeanors.

A study of the applicable statutes of the Virgin Islands, while helpful, is not dispositive of the issue. The provisions of Chapter 201, Subtitle 2 of Title 5 of the Virgin Islands Code are silent on this subject. Likewise, the Rules of the Territorial Court, Part V, entitled, "Procedure in Juvenile and Domestic Relations Division" fail to address the precise question. The only statutory assistance that we can obtain is the language of 4 V.I.C. § 172(2) which reads, in part, as follows:

§ 172. Jurisdiction of children and minors except as otherwise provided herein . . . the juvenile and domestic relations division of the Municipal Court shall have jurisdiction in proceedings:

(1) . . .

(2) concerning any minor 18 years of age or older living or found within the judicial division *alleged to have violated or attempted to violate any . . . territorial, or local law . . . prior to having become 18 years of age,* the court being empowered to deal with such a minor under the provisions of this chapter relating to children . . . . (Emphasis added.)[1]

This, when coupled with the provisions of 4 V.I.C. § 174 which provides, in part, that:

If, during the pendency of a criminal . . . charge against any minor in the District Court, *it shall be ascertained that the minor was under the age of 18 years at the time of committing the alleged offense, the district court may forthwith transfer the case,* . . . to the juvenile and domestic relations division of the municipal court for the proper judicial division . . . . (Emphasis added.)

indicates an intention on the part of the legislature to utilize the age of the minor at the time of the offense as the determinative age for jurisdictional purposes.

---

[1] The name "municipal court" is synonomous with the designation Territorial Court pursuant to the provisions of Section Five of the Territorial Court Act, Act No. 3876, approved 9/9/76, effective 1/1/77, and throughout this opinion reference shall be made to the Territorial Court.

■ Many jurisdictions, having statutes which fail to expressly address the question of whether the age of the offender at the time of the offense or the age at the time of the institution of proceedings is determinative of the jurisdictional question, follow the rule that the age attained at the time of the occurrence is the operative age. 47 Am.Jur.2d, Juvenile Courts, etc. § 27. This court concludes that this jurisdiction also adheres to that rule.

It has been held in this jurisdiction that the theory of our Juvenile Court Act (which is based on the provisions of the Standard Juvenile Court Act (1949)," . . . is rooted in social welfare philosophy rather than corpus juris. Its proceedings are designated as civil rather than criminal. The Juvenile Court is theoretically engaged in determining the needs of the child and of society rather than adjudicating criminal conduct. The objectives are to provide measures of guidance and rehabilitation for the child and protection for society, not to fix criminal responsibility, guilt and punishment. The State is parens patriae rather than prosecuting attorney and judge . . ." Government of the Virgin Islands v. Brodhurst (Mun. Ct., Div. of St. Croix; 1966) 5 V.I. 306.

The concept of the protection of society was addressed in 4 V.I.C. § 176, which, in its original form, provided for discretionary transfer by the Juvenile Court to the District Court for adult criminal treatment of causes involving minors 16 years of age or older where the offense, if committed by an adult, would have been a felony.

Several years later, on August 2, 1972, 4 V.I.C. § 176 was amended to provide for certain mandatory transfers of juvenile causes to the District Court for criminal treatment and to further provide, in other cases, for the discretionary right of transfer to be retained in the Territorial Court.

■ The constitutionality of the statutory waiver provisions of 4 V.I.C. § 176 was addressed by Judge Young in

Government v. Santana, (D.C.V.I., 1972), 9 V.I. 154, wherein he held that:

As has been said of a similar statute, "[i]t is implicit in this scheme that non-criminal treatment is to be the rule—and the adult criminal treatment, the exception which must be governed by the particular factors of individual cases." Kent v. United States, 383 U.S. 541, 560–61 (1966) quoting with approval Harling v. United States, 295 F.2d 161, 164–65 (D.C. Cir., 1961).

The Supreme Court . . . was concerned with the procedural requirements of due process applicable to a waiver hearing (footnote omitted). The Court recognized that waiver was a "critically important" decision to the juvenile, id. at 566, since if this step were taken he would become subject to greater punishments and a permanent criminal record. He is therefore entitled to correspondingly stringent safeguards, which include the rights to a hearing, the assistance of counsel, and to cross-examination of adverse witnesses.

The procedural due process rights were totally ignored in the case sub judice. In fact, the juvenile court was never brought into the matter, even to the present day.

We cannot overlook the keystone of criminal justice, that is, "procedural due process," and simply bypass the legislatively adopted scheme of justice.

This reasoning is supported by the holding of the Supreme Court of New Jersey in In Re Smigelsky, 30 N.J. 513, 154 A.2d 1 (1959). A reading of this case discloses certain similarities to which we should address ourselves.

It was there held that,

. . . Children under 16 have been legislatively declared incapable of committing a crime, N.J.S. 2A:85-4, N.J.S.A., and must be handled exclusively in the juvenile court.

It is clear that 4 V.I.C. § 172(2) set forth at length, supra, evinces the identical intent. The New Jersey court goes on to say that:

Offending minors 16 or 17 years of age may be dealt with in that tribunal, but if the court finds that the person is an habitual offender or has been charged with an offense of a heinous nature "under

circumstances which may require the imposition of a sentence rather than the disposition permitted by this chapter for the welfare of society," the matter is referred to the county prosecutor to "thereafter be dealt with in exactly the same manner as a criminal case." N.J.S. 2A:4-15, N.J.S.A.

Our applicable statute is 4 V.I.C. § 176.[2]

Justice Hall, in In Re Smigelski, supra, in treating the legislative scheme indicated by the New Jersey statutes, whose similarity to the legislative scheme of the Virgin Islands we have just demonstrated, held:

Our statutes make it clear that the Legislature did not intend the jurisdiction of the juvenile court to be terminated or turned off like a faucet the moment a person who has committed an offense attains his 18th birthday, or that that event would necessarily preclude the acquisition and exercise of jurisdiction thereafter. N.J.S. 2A:4-17, N.J.S.A., provides that jurisdiction once acquired shall be retained during the continuance of a commitment or the term of probation, notwithstanding the child attained the age of 18 years during service of the commitment or the probationary period, and N.J.S. 2A:4-20, N.J.S.A., directs that if, during the pendency of a criminal charge, it appears that the person was under 18 at the time of committing the offense, the case should be immediately transferred to the juvenile court to be heard and disposed of as if originally instituted there.

While the Legislature has not otherwise spoken on this phase of the subject, it cannot be imagined that it was its intention that a juvenile offender should escape all judicial handling in the event he should not be apprehended until after he became 18. No other court could deal with an offense committed while the person was under that age, for the statute gives the juvenile tribunal exclusive jurisdiction except as has been noted. N.J.S. 2A:4-14, N.J.S.A. The matter is essentially legislative and the intention of that branch of government must control in the first instance.

---

[2] § 176. Transfer to district court.
    If a child 16 years of age or older is charged with an offense which would be a crime if committed by a person 18 years of age or over, and if the offense is one in which violence was committed on another person, it shall commit the child for proper criminal proceedings to the district court; but no child under 16 years of age shall be so committed. In all other cases where such offense is not one involving violence to the person of another, commission of such child to the district court shall be discretionary with the municipal court.

We conclude that age at the time of commission of the offense is ordinarily the determining factor as to jurisdiction in view of our statutory scheme and provisions, and that the Juvenile and Domestic Relations Court validly acquired jurisdiction over Smigelski for this offense under the particular circumstances present when the complaint was filed with it in August 1954.

We cannot help but conclude that the same reasoning applies in this jurisdiction for we could readily substitute the language (and the intent) of 4 V.I.C. § 174 for the language of the cited New Jersey statutes.

To plagiarize Justice Hall's language in Smigelski, supra,

We conclude that the age at the time of commission of the offense is ordinarily the determining factor as to jurisdiction in view of our statutory scheme and provisions, and that the Juvenile and Domestic Relations Court [was the only Court that could] Validly acquire[d] jurisdiction over [defendant] for [such] offense under the particular circumstances present when the complaint was filed . . . .

■ Primarily because this Court lacked jurisdiction in the first instance, the charge set forth in the complaint constituting a felony, the penalty for which exceeds the jurisdictional limit of this Court, the case sub judice must be dismissed for lack of jurisdiction. It does not follow, however, that the defendant should be set free under such circumstances. It would be most violative of public policy and contrary to the public welfare to simply state that an individual who committed an offense at a time when he was a juvenile within the meaning of our act, but was not charged with the offense until after he had attained his majority, should not be dealt with in the fashion described within the statutory scheme. An appropriate complaint should be filed by the Government in the Juvenile Division of the Territorial Court, addressing itself to this precise charge. In anticipation of the filing of such complaint in the Juvenile Division of this Court, the foregoing memorandum opinion, insofar as it establishes the age at the time of

416

offense as the determinative age, has been drafted. Now, therefore, the premises considered; it is

ORDER

ORDERED, ADJUDGED AND DECREED that the above entitled cause be and the same hereby is dismissed for lack of jurisdiction; and it is further

ORDERED, ADJUDGED AND DECREED that the Attorney General of the Virgin Islands file a complaint in the Juvenile Division of the Territorial Court of the Virgin Islands, charging the defendant herein as a juvenile offender.

Done at Christiansted, St. Croix, this 5th day of May, 1977.